UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK               CASE No.:    1:14-cv-02539-LAK
-----------------------------------------------------------------

HEIDI BURGER

            Plaintiff,               COMPLAINT

      -against-                       PLAINTIFF(S) DEMAND
                                                                 TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. CHIN,
P.O. CRAIG PERNICE,
P.O. GIBBS,
SGT. SANCHEZ,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

            Defendant(s)

-----------------------------------------------------------------

       Plaintiff, HEIDI BURGER, by his attorney, Paul Hale Esq., complaining of the defendants,

The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the

Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under

    color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights,

    privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, §

1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2.       This is an action to further seek compensation for the serious and permanent personal

injuries sustained by the plaintiff, as a result of the negligence of the defendants,

perpetrated while said defendant police officers were in the process of illegally and

unlawfully arresting plaintiff.

## JURISDICTION

3.       The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action

authorized by law to redress the deprivation of rights secured under color of state and city

law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity

secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the

Constitution of the United States.

4.       All causes of action not relying exclusively on the aforementioned federal causes of action

as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction

pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties,

transactions, and injuries that form the basis of plaintiff's federal claims are identical to the

events, parties, transactions, and injuries that form the basis of plaintiff's claims under

applicable State and City laws.

5.       As the deprivation of rights complained of herein occurred within the Southern District of

New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.  Plaintiff HEIDI BURGER resides in New York and is a resident of the State of New York.

7.  Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8.  P.O. CHIN at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both their individual and official capacity.

9.  P.O. CRAIG PERNICE at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both their individual and official capacity.

10. P.O. GIBBS at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both their individual and official capacity.

6.  SGT. SANCHEZ at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both their individual and official capacity.

7.  Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8.  The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City and supervising officers are vicariously liable for the defendant officers' acts as described below.

9.  The Defendant, City of New York is a municipality in the State of New York and employs

the Defendants Police Officers.

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

(First Incident)

10. On 4/26/2011 at approximately 9:10 pm on the A,C,E uptown platform of the 42nd St and 8th Ave. Subway platform in the county and state of New York MS. BURGER was standing.

11. At the above time and place P.O. CHIN walked up to plaintiff and stated, "I have to write you a ticket."

12. MS. BURGER asked why and P.O. CHIN responded, "If I don't write you a ticket my boss will think I'm not doing anything."

13. P.O. CHIN then wrote a ticket to MS. BURGER for Disorderly Conduct – blocking pedestrian traffic.

14. MS. BURGER was detained for approximately half an hour.

15. MS. BURGER then went to court to address the summons on 7/11/11.  After spending approximately 6 hours at the courthouse the ticket was dismissed.

(Second Incident)

16. On 6/14/11 at approximately 4:45 pm on the A,C,E platform of the 42nd St and 8th Ave. Subway platform in the county and state of New York MS. BURGER was standing.

17. At the above time and place P.O. CRAIG PERNICE walked up to plaintiff and stated, "Come with us."

18. MS. BURGER was then escorted up to the mezzanine level by PO. PERNICE and another officer.

19. PO. PERNICE took plaintiff's identification and detained her for approximately one hour

while he checked her for warrants and wrote her a ticket for Disorderly Conduct – blocking pedestrian traffic.

20. During MS. BURGER'S detainment she asked if she could use the restroom and her request was denied.

21. MS. BURGER'S summons was eventually dismissed by mail.

22. Plaintiff did not plea to any crimes or violations for any of the above incidents.

(Third Incident)

23. On 4/2/2014 at approximately 2:00 pm on the A,C,E platform of the 42nd St and 8th Ave. Subway platform in the county and state of New York plaintiff was standing.

24. At the above time and place P.O. GIBBS and SGT. SANCHEZ approached plaintiff and told her she needed to leave the platform.

25. Plaintiff asked why and she was told to follow the officers because she was going to be written a summons.

26. At this point a third party witness, who was waiting for the subway, approached the scene and asked the officers what plaintiff had done wrong.  This person was Catherine Vojdik who identified herself to the officers and told them she was a producer for "CNN".

27. At this point the officers changed their demeanor and only ordered the plaintiff to leave the subway station – which she did.

28. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

29. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be

permanent.

30. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

31. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when she sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

32. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

33. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

34. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

35. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

**AS A FIRST CAUSE OF ACTION:**
**42 U.S.C Section 1983-against all Defendants.**

36. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

37. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

38. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

39. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

C.  Deprivation of liberty without due process of law;

D.  Excessive force imposed upon him;

E.  Summary punishment imposed upon him; and

F.  Denied equal protection under the law.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### *Monell* claim[1]

42. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

43. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

## AS A THIRD CAUSE OF ACTION:
### 42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants

44. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

45. Plaintiff was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

46. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

47. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiffs.

48. Defendants Police Officers' adverse actions in retaliation for Plaintiffs' expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiffs to suffer economic, physical and emotional injuries.

49. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

50. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiffs, of which reasonable law enforcement knew or should have known.

51. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiffs' damages.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the City Defendant in an

amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3.      On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the City Defendant in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3.      Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

4/23/2014
Brooklyn, New York

                              Respectfully Submitted


                              _____/s/_____
                              By:     Paul Hale, Esq
                              26 Court St. Ste 913
                              Brooklyn, NY 11242
                              (718) 554-7344