UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

HEIDI BURGER,

                                   Plaintiff,

      - against -

THE CITY OF NEW YORK, et al.

                              Defendants.

------------------------------------------------------------------ X

**ANSWER TO THE AMENDED
COMPLAINT ON BEHALF OF
DEFENDANT OFFICER
MINZHONG ZHU**

14 CV 2539 (LAK) (HBP)

Jury Trial Demanded

Defendant Police Officer Minzhong Zhu[1] by his attorney Zachary W. Carter, Corporation Counsel of the City of New York, for his Answer to the Amended Complaint, dated August 7, 2014, respectfully:

           1. Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff has commenced an action as stated therein.

           2. Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff has commenced an action as stated therein.

           3. Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

           4. Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

---

[1] Defendant City of New York previously interposed its Answer to the Amended Complaint on August 25, 2014.

5. Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits that plaintiff purports to base venue in this district as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that: Chin, Gibbs, Sanchez and Zhu are employed by the City as members of the NYPD, and that on April 26, 2011 Chin was employed by the City as a member of the NYPD; on June 14, 2011 Pernice was employed by the City as a member of the NYPD; on April 2, 2014, Gibbs and Sanchez were employed by the City as members of the NYPD; on April 9, 2014, Zhu was employed by the City as a member of the NYPD; and on May 9, 2014, Gibbs was employed by the City as a member of the NYPD; that plaintiff purports to proceed as stated therein; and states that the allegation that defendants were "acting under color of state law" is a legal conclusion that does not require a response.

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that Chin was employed by the City as a Police Officer on April 26, 2011, and that plaintiff purports to proceed as stated therein, and states that the allegation that he was "acting under color of state law" is a legal conclusion that does not require a response.

9. Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that Pernice was employed by the City as a Police Officer on June 14, 2011, and admits that plaintiff purports to proceed as stated therein, and states that the allegation that he was "acting under color of state law" is a legal conclusion that does not require a response.

10. Denies the allegations set forth in paragraph "10" of the Amended Complaint, except admits that Gibbs was employed by the City as a Police Sergeant on April 2, 2014 and May 9, 2014 and admits that plaintiff purports to proceed as stated therein, and states that the allegation that he was "acting under color of state law" is a legal conclusion that does not require a response.

11. Denies the allegations set forth in paragraph "11" of the Amended Complaint, except admits that Sanchez was employed by the City as a Police Sergeant on April 2, 2014, and admits that plaintiff purports to proceed as stated therein, and states that the allegation that he was "acting under color of state law" is a legal conclusion that does not require a response.

12. Denies the allegations set forth in paragraph "12" of the Amended Complaint, except admits that Zhu was employed by the City as a Police Officer on April 9, 2014, and admits that plaintiff purports to proceed as stated therein, and states that the allegation that he was "acting under color of state law" is a legal conclusion that does not require a response.

13. Denies the allegations set forth in paragraph "13" of the Amended Complaint, except admits that Gibbs, Chin, Sanchez and Zhu are employed by the City as members of the NYPD; that on June 14, 2011, Pernice was employed by the City as a member of the NYPD; and that plaintiff purports to proceed as stated therein, and states that the allegation that defendants were "acting under color of state law" is a legal conclusion that does not require a response.

14. Denies the allegations set forth in paragraph "14" of the Amended Complaint, except states that the allegation that the defendant officers were acting within the scope of their employment is a legal conclusion that does not require a response.

15. Denies the allegations set forth in paragraph "15" of the Amended Complaint, except admits that the City is a municipal corporation incorporated under the laws of the state of New York, and admits that it employs Chin, Gibbs, Sanchez and Zhu.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint, except admits that on April 26, 2011, at 9:10 p.m., plaintiff was in the vicinity of 42nd Street and 8th Avenue in Manhattan.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19. Denies the allegation set forth in paragraph "19" of the Amended Complaint, except admits, upon information and belief, that Chin issued a summons to plaintiff for obstructing pedestrian traffic.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint, except admits,

upon information and belief, that on June 14, 2011, at approximately 4:45 p.m., plaintiff was at a subway station in the vicinity of 42nd Street and 8th Avenue in Manhattan.

   23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

   24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

   25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint, except admits, upon information and belief, that Pernice issued a summons to plaintiff on June 14, 2011, at 4:45 p.m. for disorderly conduct.

   26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

   27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

   28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

   29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

   30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

   31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint, except admits, upon information and belief, that a CNN Reporter, Catherine Vojdih, requested an "explanation."

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint.

45. Denies the allegations set forth in paragraph "45" of the Amended Complaint.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49. Denies the allegations set forth in paragraph "49" of the Amended Complaint.

50. Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52. In response to the allegations set forth in paragraph "52" of the Amended Complaint, defendant Zhu repeats and realleges the responses set forth in the preceding paragraphs of his Answer to the Amended Complaint, as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Amended Complaint.

55. Denies the allegations set forth in paragraph "55" of the Amended Complaint.

56. Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58. Denies the allegations set forth in paragraph "58" of the Amended Complaint.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. Denies the allegations set forth in paragraph "61" of the Amended Complaint.

62. In response to the allegations set forth in paragraph "62" of the Amended Complaint, defendant Zhu repeats and realleges the responses set forth in the preceding paragraphs of his Answer to the Amended Complaint, as if fully set forth herein.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint.

66. Denies the allegations set forth in paragraph "66" of the Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68. Denies the allegations set forth in paragraph "68" of the Amended Complaint.

69. Denies the allegations set forth in paragraph "69" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

70. The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

71. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

72. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

73. There was probable cause for plaintiff's arrest, detention, and prosecution.

## FIFTH AFFIRMATIVE DEFENSE

74. To the extent that the Amended Complaint alleges any claims arising under New York state law, such claims are barred for failure to comply with New York General Municipal Law §§ 50-(e), (h) and/or (i).

## SIXTH AFFIRMATIVE DEFENSE

75. Plaintiff cannot recover punitive damages from Officer Zhu in his official capacity.

## SEVENTH AFFIRMATIVE DEFENSE

76. Defendant Zhu is immune from suit for his exercise of discretion in the performance of a governmental function and/or his exercise of professional judgment.

## EIGHTH AFFIRMATIVE DEFENSE

77. Defendant Zhu acted reasonably in the lawful and proper exercise of his discretion and has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendant Officer Minzhong Zhu requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             October 27, 2014

                              Zachary W. Carter
                              Corporation Counsel of the
                                   City of New York
                              *Attorney for Defendants City of New York and
                              Officer Minzhong Zhu*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2414

                              By:
                                   _____
                                   SHIRA R. SISKIND
                                   Assistant Corporation Counsel
                                   Special Federal Litigation Division
                                   ssiskind@law.nyc.gov

cc:     BY ECF
        Paul Hale, Esq.
        *Attorney for Plaintiff*
        26 Court Street, Suite 913
        Brooklyn, New York 11242

Index No. 14 CV 2539  (LAK) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEIDI BURGER,

Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

Defendant(s).

**ANSWER TO THE AMENDED COMPLAINT
ON BEHALF OF POLICE OFFICER
MINZHONG ZHU**

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and
Minzhong Zhu*
100 Church Street
New York, New York 10007

Of Counsel:  Shira R. Siskind
Tel:  (212) 356-2414

*Due and timely service is hereby admitted.*

*New York, N.Y.*  ......................................... *, 201......*

......................................................................... *Esq.*

*Attorney for*...........................................................